IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HHAC, et al.,<br><br>        Defendants. | Case No. 20-cv-07279<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Sunil R. Harjani** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE
DEFENDANTS IDENTIFIED ON SCHEDULE A, WITH THE EXCEPTION OF
CERTAIN DEFENDANTS**

Plaintiff Peanuts Worldwide LLC ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A to the Complaint, with the exception of certain Defendants[1] (collectively, the "Defaulting Defendants") based on Plaintiff's action for trademark infringement, counterfeiting, false designation of origin, and copyright infringement.

**STATEMENT OF FACTS**

The PEANUTS comic strip is not only one of the best-loved comic strips in history, but a true global phenomenon. Complaint, [1] at ¶ 5. From its humble beginnings in just seven U.S. newspapers, the PEANUTS comic strip grew to a syndicated daily and Sunday comic strip that ran from October 2, 1950, to February 13, 2000, and it continues in reruns. *Id.* Today, the PEANUTS comic strip is featured in global online syndication and in thousands of newspapers worldwide; in classic television specials and in new streaming series; and in mobile apps, stage

---

[1] Plaintiff's Motion for Entry of Default and Default Judgment does not apply to Defendants Orrios, Zhoukuang, Qiujian2222, Sabah Fashion, Erpinger, and Sivas.

productions, feature films, and books. *Id*. at ¶ 7. In addition to DVDs of the classic television specials and PEANUTS comic strips, a variety of licensed PEANUTS products are available, including: games and other toys such as playsets, playing cards, and stuffed toys; household items such as holiday ornaments, bathroom products, stationery and bed linens; clothing and jewelry (collectively, the "PEANUTS Products"). *Id.* at ¶ 7. Plaintiff holds registrations for its trademarks with the United States Patent and Trademark Office (the "PEANUTS Trademarks") and for its various copyrighted designs with the United States Copyright Office (the "Peanuts Copyrighted Designs"). *Id*. at ¶¶ 11, 18. Additional factual assertions regarding Plaintiff in Paragraphs 4–19 of the Complaint are incorporated herein. *Id.* at ¶¶ 4–19.

Defaulting Defendants are individuals and business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A to the Complaint (collectively, the "Seller Aliases"). *Id*. at ¶ 20. Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars, and have offered for sale and/or sold products using infringing and counterfeit versions of the PEANUTS Trademarks and/or unauthorized copies of the Peanuts Copyrighted Designs (the "Unauthorized Peanuts Products") to residents of Illinois. *Id*. at ¶ 24. Additional factual assertions regarding Defaulting Defendants in Paragraphs 20–33 of the Complaint are incorporated herein. *Id.* at ¶¶ 20–33.

Plaintiff filed this action on December 9, 2020 [1]. On December 11, 2020, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [24], subsequently extended the TRO [28], and converted the TRO [24] into a Preliminary Injunction [34]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to

2

Defendants by electronic publication on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Carrie J. Dumont and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [24] at ¶ 7. The Defendants were properly served on January 6, 2021. [32]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages against each of the Defaulting Defendants as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting and as authorized by 17 U.S.C. § 504(c)(2) for willful infringement of the Peanuts Copyrighted Designs. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Unauthorized Peanuts Products, using the PEANUTS Trademarks without authorization, and reproducing, distributing copies of, making derivative works of, or publicly displaying the Peanuts Copyrighted Designs, and an Order that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Inc. ("PayPal"), Alipay, Amazon, and Wish.com, as well as any newly discovered assets, be transferred to Plaintiff.

**ARGUMENT**

I.      **JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391,

and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [1] at ¶¶ 2, 24, 32 and 33; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores under at least the Seller Aliases that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold Unauthorized Peanuts Products to residents of Illinois. [1] at ¶ 2. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Unauthorized Peanuts Products. *Id*. *See Monster Energy Co. v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

II. **PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On December 9, 2020, Plaintiff filed its Complaint alleging federal trademark

4

infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), false designation of origin, 15 U.S.C. § 1125(a) (Count II), and copyright infringement (Count III). [1]. The Defendants were properly served with the Complaint on January 6, 2021. [32]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Gaudio Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendants on January 6, 2021. [32]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit PEANUTS Trademarks on products sold through the e-commerce stores operating under the Seller Aliases, and by 17 U.S.C. § 504(c)(2) for willful infringement of the Peanuts Copyrighted Designs on

5

products sold through the e-commerce stores operating under the Seller Aliases. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Unauthorized Peanuts Products, using the PEANUTS Traemarks without authorization, and reproducing, distributing copies of, making derivative works of, or publicly displaying the Peanuts Copyrighted Designs and an Order that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Amazon, and Wish.com, and any newly identified accounts be transferred to Plaintiff.

### A. Trademark Infringement, Counterfeiting and False Designation of Origin

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001).

Plaintiff alleged in its Complaint that it is the exclusive owner of the federally registered PEANUTS Trademarks, that Defaulting Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using infringing and counterfeit reproductions of the PEANUTS Trademarks, that Defaulting Defendants have knowledge of Plaintiff's rights in the PEANUTS Trademarks, that Defaulting Defendants are not authorized to use the PEANUTS Trademarks, and that Defaulting Defendants' use of the PEANUTS Trademarks causes a likelihood of confusion. [1] at ¶¶ 30-33.

Plaintiff also alleged in its Complaint that Defaulting Defendants are using the federally registered PEANUTS Trademarks on the Unauthorized Peanuts Products. [1] at ¶ 33. As such,

6

this creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Peanuts or the origin, sponsorship, or approval of Defaulting Defendants' Unauthorized Peanuts Products by Plaintiff. *Id*.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Counts I and II, for willful trademark infringement and counterfeiting of the PEANUTS Trademarks and willful false designation of origin, against the Defaulting Defendants.

**B. Copyright Infringement of the Peanuts Copyrighted Designs**

The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501. Among these exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works, distribute copies of, and display the Peanuts Copyrighted Designs to the public. 17 U.S.C. § 106.

To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted). Plaintiff alleged in its Complaint that Plaintiff is the owner of valid, enforceable and federally registered Peanuts Copyrighted Designs. [1] at ¶¶ 18, 47. Plaintiff further alleged that Defaulting Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating the Peanuts Copyrighted Designs on the e-commerce stores and the corresponding Unauthorized Peanuts Products in violation of 17 U.S.C. §§ 106(1)-(3), (5). [1] at

7

¶ 50. Plaintiff, therefore, requests entry of judgment with respect to Count III for willful copyright infringement of the Peanuts Copyrighted Designs.

IV.     PLAINTIFF IS ENTITLED TO A STATUTORY DAMAGES AWARD

    A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *9, (N.D. Ill. 2004) (citing S. Rep. No. 177, 104th Cong. 1995). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, at *11 (N.D. Ill. Apr. 17, 2008).

    B. A Statutory Damages Award Is Warranted

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *10; *Luxottica USA LLC v. The Partnerships, et al.,* 2015 U.S. Dist.

8

LEXIS 78961, at *5 (N.D. Ill. 2015); *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, at *16.

In addition, courts have awarded significant damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, at *15-16 (D.N.J. Jun. 14, 2010) (significant damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, at *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's

9

infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Burberry Limited, et al. v. XIE JI PING, et al,* No. 18-cv-07442 (N.D. Ill. Jan. 15, 2019) (unpublished) (Docket Nos. 42 and 43) (awarding $1,000,000 in statutory damages per defendant); *NBA Properties, Inc., et al. v. YU ZICHENG, et al.*, 19-cv-04412 (N.D. Ill. Oct. 8, 2019) (unpublished) (Docket Nos. 60 and 61) (awarding $500,000 in statutory damages per defendant); *H-D U.S.A., LLC v. DLLL, et al.,* No. 19-cv-07629 (N.D. Ill. Feb. 18, 2020) (unpublished) (Docket Nos. 64 and 65) (same). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), and the facts specific to this case, Plaintiff respectfully requests the Court's entry of an award of five hundred thousand dollars ($500,000) per Defaulting Defendant.

      i.      Defaulting Defendants' Willful Counterfeiting Supports the Requested Award

Defaulting Defendants' counterfeiting was willful and, therefore, at a minimum, warrants the requested statutory damages award. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, at *19-20 (N.D. Ill. Feb. 25, 2005). Knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. As alleged in Plaintiff's Complaint, Defaulting Defendants facilitated sales by designing the e-commerce stores so that they appeared to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. [1] at ¶ 25. As such, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the PEANUTS Trademarks. [1] at ¶¶ 26-28; *see also* [16]. Finally, District Courts have deemed counterfeiting willful when defendants default. *See Burberry Limited, et al. v. The Partnerships, et al,* No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley,*

10

*Inc. v. The Partnerships, et al.,* No. 13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

  ii. <u>The Value of the PEANUTS Trademarks and Plaintiff's Efforts to Promote, Protect and Enhance the Brand Justify the Requested Award</u>

In determining an appropriate statutory damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the brand] and the efforts taken to protect, promote and enhance [that brand]." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *16. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the PEANUTS Trademarks. [15] at ¶ 15. Thus, the requested statutory damages award should be given favorable consideration in view of the value of the Peanuts brand and the extensive steps being taken by Plaintiff to protect, promote and enhance it. *See Monster Energy Company*, 2015 U.S. Dist. LEXIS 86956, at *11; *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *7-8 (N.D. Ill. June 18, 2015).

  iii. <u>Defaulting Defendant's Wide Exposure over the Internet Merits the Requested Award</u>

Defendants who operate online attract wide market exposure through Internet traffic and/or advertisement. Defaulting Defendants' wide market exposure over the Internet warrants the requested statutory damages award. *See H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., et al.*, 2017 U.S. Dist. LEXIS 207613 (N.D. Ill. Dec. 18, 2017) (awarding $150,000 in statutory damages, noting "the fact that defendant's counterfeiting took place online favors a higher statutory damages award because online counterfeiting can reach a much wider audience than counterfeiting through a physical store."); *Luxottica USA LLC v. The Partnerships, et al.*, 2017 U.S. Dist. LEXIS 29999, at *11-12 (Mar. 2, 2017 N.D. Ill.) (summary judgment and awarding $100,000 in statutory damages "because [defendant] advertised [counterfeit goods] on the internet, allowing for distribution far greater than if it sold the hats in a brick-and-mortar store.").

  iv. <u>The Requested Statutory Damages Award Must Sufficiently Deter Defaulting Defendants and Similar Online Counterfeit Sellers</u>

The remedy imposed must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood,* 34 F.3d at 1348. In *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, at *28 (E.D.N.Y. Aug. 26, 2005). *See also Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *8.

To reach global consumers, counterfeiters advertise, offer for sale, and sell their products via social media platforms and popular e-commerce sites. In the 2018 fiscal year alone, U.S. government seizures of counterfeit goods totaled more than $1.3 billion MSRP. [14-1]. China and Hong Kong remained the primary sources of counterfeit and pirated goods seized, accounting for more than 87 percent of all seizures. *Id*. Additionally, a February 2017 report commissioned by Business Action to Stop Counterfeiting and Piracy (BASCAP) and the International Trademark Association (INTA) titled *The Economic Impacts of Counterfeiting and Piracy* included findings that counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs. [14-3]. The requested statutory damages award is necessary to deter both Defendants and other similarly situated online sellers.

**V. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT**

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff in a case involving copyright infringement may elect to receive statutory damages of "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

As mentioned above, the Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). See page 9, *supra*. Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

In this case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the Peanuts Copyrighted Designs. Additionally, in similar cases involving willful copyright infringement, courts have awarded significant damages, including up to the maximum provided by law. *See Monster Energy Company v. Chen Wensheng, et al.;* No. 1:15-cv-4166 (N.D. Ill. Jul. 27, 2015) (unpublished) (Docket No. 85) (awarding $50,000 in statutory damages per defendant for willful copyright infringement); *Monster Energy Company v. Zhao Min, et al.;* No. 1:15-cv-9142 (N.D. Ill. Dec. 12, 2015) (unpublished) (Docket No. 46) (awarding $25,000 in statutory damages per defendant for willful copyright infringement); *Monster Energy Company v. Xianda Lin, et al.;* No. 1:16-cv-0622 (N.D. Ill. Mar. 14, 2016) (unpublished) (Docket No. 51) (awarding $150,000 in statutory damages per defendant for willful copyright infringement). Thus, Plaintiff's request for a statutory damages award in the amount of one hundred thousand dollars ($100,000) per

Defaulting Defendant for willful copyright infringement of the Peanuts Copyrighted Designs is appropriate.

## VI. PEANUTS IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's registered intellectual property rights in the PEANUTS Trademarks and the Peanuts Copyrighted Designs, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can quickly take action against any e-commerce stores selling Unauthorized Peanuts Products that are found to be linked to Defaulting Defendants. *See Burberry Limited, et al. v. The Partnerships, et al*, No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.,* No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of five hundred thousand dollars ($500,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), award one hundred thousand dollars ($100,000) per Defaulting Defendant for willful copyright infringement pursuant to 17 U.S.C. § 504(c), and enter a permanent injunction order prohibiting Defaulting Defendants from selling Unauthorized Peanuts Products, using the PEANUTS Trademarks without authorization, and reproducing, distributing copies of, making derivative works of, or publicly displaying the Peanuts Copyrighted Designs, and transferring all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, Amazon, and Wish.com, to Plaintiff.

Dated this 16th day of March 2021.         Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Carrie J. Dumont and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
ibegert@gbc,law

*Counsel for Plaintiff Peanuts Worldwide LLC*