IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HHAC, et al.,<br><br>        Defendants. | Case No. 20-cv-07279<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Sunil R. Harjani** |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff Peanuts Worldwide LLC's ("Plaintiff") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified on Schedule A to the Complaint (collectively, the "Seller Aliases"), and Plaintiff having moved for entry of Default and Default Judgment against Defendants Orrios, Zhoukuang, Qiujian2222, Sabah Fashion, Erpinger, and Sivas (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

---

[1] The e-commerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

1

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products bearing unauthorized copies of the Peanuts Copyrighted Designs (including U.S. Copyright Registration Nos. B 197-759, GP 59-162, and A 95-985) and/or using infringing and counterfeit versions of the PEANUTS Trademarks (collectively, the "Unauthorized Peanuts Products") to residents of Illinois. A non-exclusive list of the PEANUTS Trademarks is included in the below chart.

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,255,304 | PEANUTS | For: address books; books (including coloring books); datebooks; greeting cards; growth charts made of paper; invitations; memo pads; nametags made of paper; paintbrushes; paper napkins; pencils; pencil boxes and cases; place cards made of paper; playing cards; telephone list books; wrapping paper for gifts; writing paper and envelopes; and writing tablets in class 016. |
| 1,265,839 | PEANUTS | For: Christmas decorations and ornaments; dolls; playsets; puzzles in class 028. |
| 1,301,542 | PEANUTS | For: music boxes in class 015. |
| 1,729,501 | PEANUTS | For: clothing; namely, infant boys' and girls' creepers, leggings, shorts, jackets, tops, boys' tops, shorts, tank tops, fleece tops, pants, pajamas, jackets, shorts, and socks; girls' shorts, tops, creepers, jumpers, socks and hosiery in class 025. |
| 1,970,335 | PEANUTS | For: bed linen, namely bedspreads, blankets, comforters, pillowcases, pillow shams, and sheets in class 024. |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 4,017,645 | PEANUTS | For: pre-recorded DVDs featuring animated characters; pre-recorded CDs featured animated character voices; films featuring animated characters; computer game programs, computer game software, video games, namely, video game software, video game cartridges and video game discs; downloadable television shows featuring animated characters in class 009.<br><br>For: continuing animated programs distributed over television, satellite, audio, video media, the internet and worldwide web in class 041. |
| 4,429,043 | PEANUTS | For: motion picture films featuring animated cartoons; downloadable motion pictures featuring animated cartoons; downloadable music in class 009. |
| 5,023,666 | PEANUTS | For: porcelain commemorative plates in class 021. |
| 5,392,411 | PEANUTS | For: bags, namely, purses, tote bags, backpacks, book bags, school bags, diaper bags, duffel bags, messenger bags, overnight bags, sling bags, luggage, luggage tags, travels bags and garment bags for travel, cosmetic bags sold empty, toiletry bags sold empty, cinch sacks in the nature of drawstring bags used as backpacks, wristlet bags, wallets, change purses, leather and imitation leather key chains, umbrellas; pet clothing; pet accessories, namely, leashes, collars in class 018. |
| 1,254,632 | SNOOPY | For: games and toys; ornaments and decorations for Christmas trees in class 028. |
| 1,256,819 | SNOOPY | For: jewelry, watches, and clocks in class 014. |
| 1,256,900 | SNOOPY | For: luggage and totebags in class 018. |
| 1,256,970 | SNOOPY | For: athletic jerseys, aprons, bibs, coats, footwear, gloves, hats, jackets, jogging suits, mittens, nightgowns, nightshirts, pajamas, t-shirts, tank tops, shorts, socks, sweatshirts, and underwear in class 025. |
| 1,267,166 | SNOOPY | For: picture frames in class 020. |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,268,857 | SNOOPY | For: adhesive bandages in class 005. |
| 1,286,055 | SNOOPY | For: drinking glasses, glass mugs, ceramic mugs, decorative ceramic storage containers for miscellaneous items, and toothbrushes in class 021. |
| 1,300,520 | SNOOPY | For: books, writing paper and envelopes, paint brushes, playing cards, printed instructional and teaching materials, crayons, felt-tip markers, pencils, erasers, paper lunchbags, calendars, drawing paper and tablets, and memo pads in class 016. |
| 2,492,720 | SNOOPY | For: gummy candies in class 030. |
| 4,145,986 | SNOOPY | For: pre-recorded DVDs, pre-recorded CDs, motion picture films for television featuring animated characters; computer game programs; computer game software; video game programs; video game discs; and video game software in class 009. |
| 5,218,767 | SNOOPY | For: motion picture films featuring children's entertainment; downloadable motion pictures featuring children's entertainment in class 009. |
| 5,214,344 | CHARLIE BROWN | For: motion picture films featuring animated cartoons; downloadable motion pictures featuring animated cartoons; downloadable music, ringtones and electronic games via the internet and wireless devices in class 009. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

    a. using the PEANUTS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Peanuts product or not authorized by Plaintiff to be sold in connection with the PEANUTS Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Peanuts Copyrighted Designs in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Peanuts product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the PEANUTS Trademarks and/or the Peanuts Copyrighted Designs;

    d. committing any acts calculated to cause consumers to believe that Defaulting Defendants' Unauthorized Peanuts Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e. further infringing the PEANUTS Trademarks and damaging Plaintiff's goodwill; and

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the PEANUTS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Peanuts Copyrighted Designs.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate, (collectively, the "Third Party Providers") shall within ten (10) business days of receipt of this Order disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the PEANUTS Trademarks.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit PEANUTS Trademarks on products sold through at least the Defaulting Defendants' Online Marketplaces. The five hundred thousand dollar ($500,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Schedule A to the Complaint.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for

willful copyright infringement of the Peanuts Copyrighted Designs. The one hundred thousand dollar ($100,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Schedule A to the Complaint.

5. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish.com, and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.

7. All monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within ten (10) business days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party

Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall within ten (10) business days:

    a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases, the e-mail addresses identified for Defaulting Defendants in Exhibit 3 to the Declaration of Carrie J. Dumont, and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. In the event that Plaintiff identifies any additional online marketplace accounts, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified for Defaulting Defendants in Exhibit 3 to the Declaration of Carrie J. Dumont and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Final Judgment.

DATED: April 13, 2021

_____
Mary M. Rowland
United States District Judge